# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **ALFRED D. JONES**, <br><br> Plaintiff, <br><br> v. <br><br> **GEORGIA DEPARTMENT OF CORRECTIONS and JOHN DOE**, <br><br> Defendants. | Civil Action No. 7:17-CV-202 (HL) |

## ORDER

Before the Court is the motion of Defendant Georgia Department of Corrections ("GDOC") for relief from default. (Doc. 5). Plaintiff Alfred D. Jones, an inmate of GDOC, filed this lawsuit on December 6, 2017 pursuant to 42 U.S.C. § 1983, alleging that GDOC and John Doe, an unknown correctional officer, violated his constitutional rights. Plaintiff personally served GDOC on March 3, 2018, meaning that an answer or other responsive pleading was due to be filed by March 26, 2018. GDOC defaulted. On March 30, 2018, upon realizing the error, GDOC filed the present motion for relief from the entry of default. Finding good cause to set aside the entry of default, the Court **GRANTS** GDOC's motion.

## I. BACKGROUND

Plaintiff filed this § 1983 action on December 6, 2017, alleging generally that GDOC and Defendant John Doe violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Doc. 1, ¶ III). According to the Complaint,

on December 7, 2015, while incarcerated at an unspecified GDOC facility,[1] Plaintiff was subjected to an excessive use of force by John Doe, an employee of GDOC. (Id. at V). John Doe allegedly shot Plaintiff in the face with a pepper spray gun from a kneeling position in violation of GDOC policy. (Id. at ¶ V). As a result of the incident, Plaintiff suffered an injury to his right eye and eventually lost the use of that eye. (Id.).

On March 3, 2018, Plaintiff personally served GDOC by delivering a copy of the lawsuit to Bryan S. Wilson, an attorney employed by GDOC's Office of Legal Services who is authorized to accept service on behalf of Gregory Dozier, GDOC's Commissioner. (Doc. 5-2, ¶¶ 2, 4, 5). When officers and employees of GDOC are sued, the Office of Legal Services receives service of the lawsuit and then forwards the lawsuit to the Attorney General's office along with a request for representation. (Id. at ¶ 6). A request for representation in this case was provided to the Attorney General's office on March 5, 2018. (Id.).

On March 28, 2018, two days after the deadline to file an answer or to otherwise respond to Plaintiff's Complaint, GDOC learned that due to a "breakdown in communication," the Attorney General's office had not yet

---

[1] At the time of filing his Complaint, Plaintiff could not identify either the facility in which he was incarcerated at the time of the alleged incident or the individuals involved. (Doc. 1, ¶ V). Plaintiff believed that the events occurred at either Valdosta State Prison or Macon State Prison. Plaintiff has since filed a motion to amend his complaint to clarify that the purported events transpired at Augusta State Medical Prison. (Doc. 9). That motion remains pending.

assigned an attorney to represent GDOC in this case. (Id. at ¶ 7). As soon as the error was discovered, an attorney was assigned, who promptly filed the foregoing Motion for Relief from Default on March 30, 2018. (Doc. 5).

## II. DISCUSSION

Rule 55, which governs the entry of default, provides that when a defendant "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by an affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 "mandates the entry of default so that 'the adversary process [will not be] halted because of an essentially unresponsive party.'" Perez v. Wells Fargo N.A., 774 F.3d 1329, 1338 (11th Cir. 2014) (alterations adopted) (quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.3d 689, 691 (D.C. Cir. 1970) (per curium)). While typically the clerk of court will enter default upon the application of the non-defaulting party, "a defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." 10A Charles Allen Wright et al., Fed. Prac. & Proc. Civ. § 2692 (4th ed. 2018). Accordingly, the defendant in default "must request that the default be 'excused' and secure leave to answer before a responsive pleading will be recognized." Id.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable standard . . . [and] is not susceptible to a precise formula, but some general guidelines are commonly applied." Compania

Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (citation omitted). When determining whether good cause exists to set aside an entry of default, courts may consider, among other factors, (1) whether the default was culpable or willful; (2) whether setting aside the default would prejudice the plaintiff; (3) whether the defaulting party has a meritorious defense; (4) whether the public interest is implicated; (5) whether the defaulting party suffered a significant financial loss; (6) whether the defaulting party acted promptly to correct the default. Id. The factors themselves are not "talismanic"; but "[w]hatever factors are employed, the imperative is that they be regarded as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)) (quotation marks omitted).

As a general principal, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). "Action on a motion to set aside default is within the discretion of the district court." Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). Nevertheless, "if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania Interamericana Export-Import, S.A., 88 F.3d at 951-52.

4

The facts here militate in favor of setting aside the entry of default. First, there is no evidence that GDOC willfully failed to respond timely to Plaintiff's Complaint. Bryan Wilson, an attorney employed by GDOC's Office of Legal Services, accepted service on behalf of Gregory Dozier, GDOC's Commissioner, on March 3, 2018. (Doc. 5-2, ¶¶ 2, 4, 5). As is customary when an officer or employee of GDOC is sued,[2] a request for representation was then forwarded to the Attorney General's office on March 5, 2018. (Id. at ¶ 6). For reasons that remain unclear, an attorney was not assigned to the case until after the deadline to file an answer or other responsive pleading had passed. (Id. at ¶ 7). GDOC did not learn of the missed deadline until March 28, 2018, two days after the expiration of the time to respond. (Id.). Prior to that time, GDOC had a good faith belief that it was being represented by the Attorney General's office. (Id.).

GDOC worked promptly to remedy the error as soon as it was discovered. GDOC filed its Motion for Relief from Default (Doc. 5) on March 30, 2018, four days after its answer was due and before Plaintiff moved the Clerk for an entry of default. Then, a week later, GDOC filed its motion to dismiss (Doc. 6). Despite Plaintiff's conclusory argument to the contrary, it is clear that under the circumstances GDOC properly followed its internal protocol for transmitting the lawsuit to the Attorney General's office and that through GDOC's diligence in

---

[2] GDOC is no stranger to prisoner litigation and receives notification of hundreds of lawsuits each year. (Doc. 5-2, ¶ 3).

5

following up with the Attorney General the discovery of the missed deadline came to light.

Further, there is no evidence that Plaintiff will be prejudiced by setting aside the default. Plaintiff argues that GDOC has shown reckless disregard for the judicial proceedings and has acted in an overly litigious manner by filing not only the motion to set aside the entry of default but also a motion to dismiss and a motion to stay discovery. The Court disagrees with Plaintiff's characterization of GDOC's response to the problem at hand. It is apparent that GDOC responded swiftly to remedy its error so as to avoid any prejudice to Plaintiff. The Court likewise is not convinced by Plaintiff's unsupported argument that the public interest is somehow implicated in this case.

Finally, it is evident that GDOC has a meritorious defense to this lawsuit. GDOC is an agency of the state, and it is well established that a state and its agencies are not "persons" who may be sued under § 1983. Will v. Michigan Dep't of State Policy, 491 U.S. 58, 71 (1989); see also Stevens v. Gay, 864 F.2d 113, 114-15 (11th Cir. 1989) (explaining that the Eleventh Amendment bars a plaintiff's § 1983 claims against the State of Georgia and GDOC for both monetary damages and injunctive relief). While Plaintiff certainly will be afforded the opportunity to respond to GDOC's immunity argument in relation to GDOC's pending motion to dismiss, for the purpose of this motion, the Court finds that the defense itself is valid and weighs in favor of setting aside the entry of default.

Upon consideration of the relevant factors, the Court concludes that GDOC has set forth good cause for setting aside the entry of default. The Court accordingly grants GDOC's motion.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Relief from Default. (Doc. 5). Plaintiff's Motion for Default Judgment (Doc. 12) and Amended Motion for Default Judgment (Doc. 13) are **DENIED AS MOOT**.

**SO ORDERED** this 8th day of May, 2018.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks